IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM NESMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMON PLEAS COURT OF | : | |
| PHILADELPHIA COUNTY, et al. | : | NO. 09-4356 |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                                          AUGUST 31, 2010
UNITED STATES MAGISTRATE JUDGE

Before the Court is a pro se Petition for Writ of Habeas Corpus filed by William Nesmith under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest"). For the reasons which follow, the habeas petition should be denied and dismissed.

### 1. BACKGROUND AND PROCEDURAL HISTORY

In support of its denial of post-conviction relief, the Common Pleas Court set forth the relevant facts underlying this case:

> On November 16, 1999, [Nesmith] met up with Adlee Farrakhan. They went to a house at 11th and Dauphin Streets in Philadelphia where they met up with others. Farrakhan announced that they were going to a house on Dakota Street; rob the people and burn down the house. The group, which included [Nesmith], went to the house with a can of gasoline. Farrakhan remained outside with a walki talkie and the others, wearing ski masks, went inside. [Nesmith] and the others robbed the people at gunpoint and then forced the people to lie in a pile on the ground. A co-conspirator, Rudee Dillard[,] doused the people with gasoline and set them on fire. The fire spread through the house, destroying it. Dillard and one victim died in the conflagration.

>    Others were injured. [Nesmith] and the surviving criminals escaped
>    by jumping out windows.

See Commonwealth v. Nesmith, CP-51-5661-2000, Mem. Op. at 1-2 (C.P. Phila. filed Apr. 24, 2008). In October 2001, Nesmith pled guilty to two (2) counts of Murder in the Third Degree and one count of Criminal Conspiracy. See Commonwealth v. Nesmith, No. 189 EDA 2008, Mem. Op. at 1 (Pa. Super. filed Feb. 20, 2009). Nesmith was sentenced to an aggregate term of twenty to forty (20-40) years in prison.[1] Id. at 1-2. He did not file a direct appeal. See Common Pleas Ct. Op. filed Apr. 24, 2008 ("No direct appeal was taken"); Hab. Pet. ¶ 8.

On June 23, 2006, Nesmith filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46, alleging ineffective assistance of trial counsel for failing to present the testimony of numerous character witnesses at the sentencing hearing. See Pa. Super. Ct. Op. filed 2/20/09, at 2; Common Pleas Ct. Op. filed 4/24/08, at 2. The PCRA court dismissed the petition, and Nesmith appealed the denial of relief to the Superior Court of Pennsylvania. See Pa. Super. Ct. Op. filed 2/20/09, at 2. By Memorandum Opinion filed February 20, 2009, the Superior Court affirmed the denial of PCRA relief. Id. at 2-3.

Nesmith subsequently filed this § 2254 petition challenging his sentence as exceeding the statutory maximum.[2] The District Attorney of Philadelphia ("respondent") responds that

---

1. "Before he was sentenced, Nesmith was inadvertently released from prison and remained at large for several years. In April 2005, [he] was sentenced *in absentia* to an aggregate term of 20 to 40 years in prison. When [he] was later apprehended, the trial court reimposed the same 20-to 40 year sentence in April 2006." See Pa. Super. Ct. Op. filed 2/20/09, at 1-2.

2. Although petitioner purports to raise three claims in his habeas petition, namely (1) a "violation of [the] statutory maximum [sentence] for Third Degree Murder"; (2) "Ex Post Facto Clause violation"; and (3) "28 U.S.C. § 2241(c)(3) violation," see Hab. Pet. ¶ 12(A)-(C), his petition appears to indicate that his claims are based on the factual allegation that his sentence exceeds the statutory maximum, see id.

petitioner's claims are procedurally defaulted, see Resp. to Hab. Pet. at 3 n.2, and that in any event, the claims are "plainly meritless," id. at 4. Accordingly, respondent urges denial of habeas relief. Id. at 6.

## 2. Discussion

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he habeas petitioner bears the burden of proving that he has exhausted available state remedies." Toulson, 987 F.2d at 987.

In this case, Nesmith failed to fairly present his habeas claims to the Pennsylvania courts. He did not file a direct appeal from the judgment of conviction, see Common Pleas Ct. Op. filed 4/24/08, at 1, and he failed to raise his habeas claims to the PCRA Court and Pennsylvania's Superior Court, see Pa. Super. Ct. Op. filed 12/20/09, at 2 (indicating that the claim raised by Nesmith was ineffective assistance of trial counsel "for failing to present the testimony of

3

numerous character witnesses at the sentencing hearing"); Common Pleas Ct. Op. filed 4/24/08, at 2; Statement of Matters on Appeal Pursuant to Pa. R. App. P. 1925(b) (alleging trial counsel failed to contact certain witnesses or present evidence on behalf of petitioner at sentencing); Br. of Appellant (Pa. Super. filed 7/9/08), at 5 (same). Thus, petitioner fails to demonstrate that he gave the Pennsylvania courts "one full opportunity to resolve" his habeas claims "by invoking one complete round of the State's established appellate review process."[3] See O'Sullivan, 526 U.S. at 844-45; Wenger, 266 F.3d at 223.

Furthermore, petitioner's claims appear to be procedurally defaulted in the Pennsylvania Courts. Petitioner failed to raise his claims on direct appeal (or in his PCRA petition and related appeal), and they appear to be waived. Moreover, to the extent that his habeas claims may be considered cognizable claims under the PCRA and not waived for failure to raise them on direct appeal, they are procedurally defaulted, in any event, in light of the PCRA's timeliness

---

3. The § 2254 petition seems to allege that Nesmith filed a Petition for Writ of Mandamus in the Supreme Court of Pennsylvania. See Hab. Pet. ¶ 11(a). Indeed, the Pennsylvania Supreme Court's docket reflects such a petition was filed on June 8, 2009 and that Pennsylvania's Supreme Court denied it on Aug. 10, 2009. See Pa. Supreme Ct. Dckt. No. 87 EM 2009, at 2. However, even assuming arguendo that petitioner first raised his habeas claims directly to the Supreme Court of Pennsylvania (or even the Superior Court, for that matter), as respondent points out, see Resp. to Hab. Pet. at 4 n.3, raising a claim in such a fashion does not constitute fair presentation for purposes of properly exhausting state court remedies. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989) (raising claim for first time in allocatur petition to Pennsylvania's Supreme Court does not constitute fair presentation). Moreover, to the extent the § 2254 petition may be construed as raising any claims other than the one raised in the PCRA Court and then appealed to the Superior Court, petitioner has failed to properly exhaust such claims. Petitioner must demonstrate that he gave the Pennsylvania courts "one **full** opportunity to resolve" his claims "by invoking one **complete round** of the State's **established appellate review process.**" See O'Sullivan, 526 U.S. at 844-45 (emphases added); Wenger, 266 F.3d at 223 (same).

requirements.[4]

In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court explained the procedural default doctrine:

> In all cases in which a state prisoner has defaulted his federal claims in state court[,] . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

See Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002) (quoting Coleman, 501 U.S. at 750), cert. denied, 537 U.S. 897 (2002). To satisfy the cause and prejudice requirement, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." Cristin, 281 F.3d at 412 (quoting Coleman, 501 U.S. at 753); see also Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)), cert. denied, 532 U.S. 980 (2001).

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a fundamental "miscarriage of justice." See Werts, 228 F.3d at 193. "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. (quoting Murray, 477 U.S. at 496). "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence." Cristin, 281 F.3d at 412 (quoting Keller v. Larkins, 251 F.3d 408, 415-

---

4. Any subsequent PCRA petition would be required to have been filed "within one year of the date the judgment of sentence [became] final." See 42 Pa. C.S.A. § 9545(b)(1); Walker v. Frank, 2003 WL 115951, *1 n.1 (3d Cir.), cert. denied, 540 U.S. 836 (2003).

16 (3d Cir. 2001) (citations omitted)); see Schlup v. Delo, 513 U.S. 298, 316 (1995). Here, petitioner fails to allege or demonstrate "cause and prejudice" for his failure to timely raise his habeas claims on direct appeal or in his PCRA petition. See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750). Nor does he allege or show a "fundamental miscarriage of justice" to excuse his default. See Cristin, 281 F.3d at 409 n.5 (quoting Coleman, 501 U.S. at 750).

Moreover, even assuming arguendo that petitioner had satisfied the requirements permitting this Court to review the merits of his claims, habeas relief is unavailable. Petitioner alleges that the "trial court imposed an illegal **(80) years** on petitioner for [Third] Degree Murder **which the statutory maximum is 20 years** [sic]." See Hab. Pet. ¶ 12 (emphases added). However, contrary to the claim in his habeas petition, see id., he was sentenced to twenty to forty (20-40) years in prison, see Pa. Super. Ct. Op. filed 2/20/09, at 1-2; Common Pleas Ct. Op. filed 4/24/08, at 1, and elsewhere in his habeas petition, Nesmith appears to acknowledge this, see Hab. Pet. ¶ 3 (indicating that petitioner's "[l]ength of sentence" was "40 years").

Furthermore, petitioner pled guilty to two (2) counts of Murder in the Third Degree and one count of Conspiracy. See Pa. Super. Ct. Op. filed 2/20/09, at 1; Common Pleas Ct. Op. filed 4/24/08, at 1. Under 18 Pa. C.S.A. § 1102(d), "a person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at **not more than 40 years**." 18 Pa. C.S.A. § 1102(d) (emphasis added). Petitioner's sentence of twenty to forty (20-40) years in prison clearly does not exceed the "statutory maximum" sentence, see Hab. Pet. ¶ 12, in this case.[5] In any event, petitioner's claims are procedurally defaulted, and his petition

---

5. Respondent points out that the maximum possible sentence for criminal conspiracy as related to a felony of the first degree is 20 years in prison, see Resp. to Hab. Pet. at 5 (citing 18 Pa. C.S. § 1103), and that since petitioner was convicted of **two** counts of Third Degree Murder and one

6

should be denied and dismissed.

Under § 2253(c)(1), an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding "[u]nless a . . . judge issues a certificate of appealability ('COA')." 28 U.S.C. § 2253(c)(1)(A) (parenthetical added). "A COA may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see Miller-EL v. Cockrell, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-EL, 123 S. Ct. at 1040.

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; see Miller-El, 123 S. Ct. at 1046 (Scalia, J., concurring). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, since a reasonable jurist could not conclude that the Court would be incorrect in denying and dismissing the § 2254 petition, a COA should not issue. See Slack, 529 U.S. at 484.

My Recommendation follows.

---

count of Conspiracy, "the maximum possible sentence that petitioner was facing was 100 years in prison," id. at 5.

7

# **R E C O M M E N D A T I O N**

**AND NOW**, this 31st day of August, 2010, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is hereby **RECOMMENDED** that the habeas petition be **DENIED** and **DISMISSED** and that a certificate of appealability should not issue.[6]

      /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

6. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.